IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RONAL E. COURTNEY, JR.,

    Plaintiff,

v.                                      CIVIL ACTION NO. 3:07-0474

BFS RETAIL AND COMMERCIAL OPERATIONS, LLC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are four related motions: (1) Defendant BFS Retail and Commercial Operations, LLC's Motion to Exclude Plaintiff's Expert(s) [Doc. No. 15]; (2) Plaintiff Ronal E. Courtney, Jr.'s Motion in Limine [Doc. No. 21]; (3) Defendant's Motion for Summary Judgment [Doc. No. 26]; and (4) Plaintiff's Motion for Leave for Additional Time to Identify Expert Witness [Doc. No. 28]. For the following reasons, the Court **DENIES** Defendant's Motion to Exclude Plaintiff's Expert(s), **GRANTS** Plaintiff's Motion in Limine, **HOLDS IN ABEYANCE** Defendant's Motion for Summary Judgment, and **DENIES** Plaintiff's Motion for Leave for Additional Time to Identify Expert Witness.

In this case, Plaintiff was employed by Defendant at a tire and auto center. Plaintiff alleges he sustained injuries when he slipped and fell on a wet work surface. Plaintiff claims that Defendant maintained an unsafe work area because it allowed a puddle of water to stand on the floor around a drain that was often clogged. Therefore, Plaintiff filed an action for deliberate intent

pursuant to West Virginia Code § 23-4-2, which waives Workers' Compensation immunity for deliberate acts by employers.

In Defendant's Motion to Exclude Plaintiff's Expert(s), Defendant argues Plaintiff failed to disclose his expert witnesses on issues in which he bears the burden of proof by the January 15, 2008 deadline set forth in this Court's Scheduling Order. In addition, Defendant states that on November 20, 2007, it served Plaintiff with its First Set of Interrogatories, Request for Admissions and for Production of Documents, which requested information about expert witnesses. However, Plaintiff failed to respond to Defendant's Interrogatories and Requests for Production of Documents.[1] Defendant states he wrote letters and left telephone messages for Plaintiff's counsel, but Plaintiff did not respond. Finally, on January 18, 2008, Defendant filed a Motion to Compel Discovery to get Plaintiff to respond to its requests. The motion was granted by the Magistrate Judge on January 24, 2008, and Plaintiff filed a Certificate of Service stating that he sent his Answers to Defendant on January 29, 2008.

On February 15, 2008, Plaintiff filed his Response to Defendant's Motion to Exclude. In his Response, Plaintiff states that he identified his treating physicians in his Answers to Defendant's interrogatories. In addition, at the same time Plaintiff filed his Response, he also filed a Motion in Limine for this Court to take judicial notice that Defendant is a covered employer under the Occupational Health and Safety Act (OSHA), that it is required to comply with occupational

---

[1] Defendant states Plaintiff did respond to its request for Admissions on December 13, 2007. *Defendant's Motion to Compel*, at ¶ 5.

safety and health standards promulgated under the Act, and that it is required to comply with the standard set forth in 29 C.F.R. § 1910.22(a)(2) which provides, in part:

> The floor of every workroom shall be maintained in a clean and, so far as possible, a dry condition. Where wet processes are used, drainage shall be maintained, and false floors, platforms, mats, or other dry standing places should be provided where practical.

29 U.S.C. § 1910.22(a)(2). Plaintiff argues that, if the Court takes judicial notice of these facts, he may not need an expert to testify with regard to workplace practice and industry standards. Plaintiff further asks that he be able to supplement his discovery responses after the Court rules on his Motion in Limine.

At the same time Defendant filed its Response to Plaintiff's Motion in Limine, it also filed a Motion for Summary Judgment. Defendant argues Plaintiff only can succeed on a deliberate intent claim if he can offer evidence to prove the five factors set forth in West Virginia Code § 23-4-2(d)(2)(ii) (2004).[2] This section includes a requirement that a plaintiff prove

---

[2] A plaintiff also can show deliberate intent if it shows

> that such employer or person against whom liability is asserted acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee. This standard requires a showing of an actual, specific intent and may not be satisfied by allegation or proof of: (A) conduct which produces a result that was not specifically intended; (B) conduct which constitutes negligence, no matter how gross or aggravated; or (C) willful, wanton or reckless misconduct[.]

(continued...)

> [t]hat the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions[.]

W. Va. Code § 23-4-2(d)(2)(ii)(C).[3] Defendant states that Plaintiff relies solely upon § 1910.22(a)(2) to fulfill this requirement. Defendant asserts that this provision, however, is the very type of regulation specifically excluded from the deliberate intent statute as a regulation "generally requiring safe workplaces[.]" W. Va. Code § 23-4-2(d)(2)(ii)(C).

In support, Defendant cites *Bennett v. Kroger Co.*, 155 F.3d 557 (4th Cir. 1998) (per curiam). In that case, a Kroger employee was injured when she slipped and fell on a wet floor. 155 F.3d at *1. The plaintiffs sought damages under West Virginia Code § 23-4-2, and the plaintiffs' expert cited § 1910.22 and another provision to support his contention that the water on the floor violated a specific federal regulation. *Id*. at *2.[4] The district court awarded summary judgment and the Fourth Circuit affirmed. *Id*. at *1. In making its decision, the Fourth Circuit found the provisions

---

[2](...continued)
W. Va. Code § 23-4-2(d)(2)(i) (2004). It does not appear that this factor is at issue in this case.

[3]The accident occurred on or about June 15, 2005. This statute was amended in 2005, but the effective date of the amendment was not until July 1, 2005.

[4]The other provision relied upon by the plaintiffs' expert was 29 U.S.C. § 1910.141(a)(3)(ii), which provided, in relevant part: "[t]he floor of every workroom shall be maintained in a clean and, so far as possible, a dry condition. Where wet processes are used, drainage shall be maintained, and false floors, platforms, mats or other dry standing places should be provided where practicable." *Id*. (quoting, in part, 29 U.S.C. § 1910.141(a)(3)(ii)).

cited by the plaintiffs' expert "are just the sort of general provisions that are specifically excluded" by § 23-4-2(d)(2)(ii)(C). *Id*. at *2.[5] Although expert testimony about industry standards can satisfy subsection (C), reliance upon general provisions will not. Finding the facts of the case before it did not meet the requirements of subsection (C), the Fourth Circuit concluded that summary judgment was appropriate. *Id*. at *3.

Here, Defendant argues that, although *Bennett* is an unpublished per curiam opinion, the Court should consider it as persuasive authority and deny Plaintiff's Motion in Limine and grant its Motion for Summary Judgment as Plaintiff cannot prove the requirement set forth in subsection (C). Plaintiff opposes the Motion for Summary Judgment on the grounds that it is premature because discovery was not yet complete. Eighteen days after Defendant moved for summary judgment, Plaintiff filed a Motion for Leave for Additional Time to Identify Expert Witness. In that motion, Plaintiff requests additional time to designate an expert in the event that the Court determines an expert is necessary. Upon review, the Court finds this request too late for the following reasons.

First, the Court entered the Scheduling Order in this case on September 27, 2007, setting forth the expert disclosure deadline of January 15, 2008. Plaintiff clearly did not comply with the deadline. Second, on November 20, 2007, Defendant requested that Plaintiff identify any expert witnesses and produce expert reports. Those requests were due on December 20, 2007, but Plaintiff did not respond until January 29, 2008, which was after Defendant filed a Motion to

---

[5]At the time *Bennett* was decided, this section was codified at § 23-4-2(c)(2)(ii)(C).

Compel Discovery and the Magistrate Judge entered an Order on January 24, 2008, directing Plaintiff to respond within seven days. In his Answers, Plaintiff stated he had no expert witnesses and no expert reports. Third, it was not until nearly two months after the deadline in the Scheduling Order passed (and eighteen days after Defendant filed its Motion for Summary Judgment), that Plaintiff filed his Motion for Leave for Additional Time to Identify Expert Witness. Instead of filing a motion for additional time in a timely manner, it appears that Plaintiff believed that he may not need an expert if the Court would take judicial notice of § 1910.22(a)(2). However, Plaintiff did not even file his Motion in Limine until after the expert disclosure deadline had passed. Thus, regardless of the Court's decision on the Motion in Limine, Plaintiff missed the deadline for disclosing his experts. In light of these facts, the Court finds no sufficient reason to grant Plaintiff's untimely request. Therefore, the Court **DENIES** Plaintiff's Motion for Leave for Additional Time to Identify Expert Witness.

Given this decision, the Court further **DENIES AS MOOT** that portion of Defendant's Motion to Exclude Plaintiff's Expert(s) which asks for the exclusion of any liability and/or safety experts. In the motion, Defendant also requests the exclusion of any testimony by Plaintiff's treating physicians as to his vocational capabilities and the economics of future damages, if any. Defendant complains that, while Plaintiff disclosed the names of his treating physicians in his Discovery Response, he failed to disclose any other information about them. However, Local Rule 26.1 provides that "[t]he disclosures described in FR CIV P 26(a)(2)(B) shall not be required of physicians and other medical providers who examined or treated a party . . . unless the examination was for the sole purpose of providing expert testimony in the case." *LR Civ. P. 26.1*,

in part.  Therefore, the Court **DENIES** the motion to exclude the expert testimony of Plaintiff's treating physician.  Defendant further requests attorney's fees in the motion.  Upon consideration, the Court **DENIES** the request and **DIRECTS** that both sides bear their own expenses in litigating these issues.

Turning next to Plaintiff's Motion in Limine to take judicial notice that Defendant was a covered employer under OSHA and it was required to comply with § 1910.22(a)(2), the Court has little difficulty taking judicial notice of these facts.  *See City of Wichita, Kan. v. U.S. Gypsum Co.*, 72 F.3d 1491, 1496 (10th Cir. 1996) ("OSHA regulations are subject to judicial notice"); *Northern Heel Corp. v. Compo Industries, Inc.*, 851 F.2d 456, 468 (1st Cir. 1988) (stating "[t]he OSHA regulations themselves were subject to judicial notice").  Therefore, the Court **GRANTS** Plaintiff's Motion in Limine.  However, the Court is persuaded by the Fourth Circuit's holding in *Bennett* that § 1910.22 cannot satisfy the requirements of § 23-4-2(d)(2)(ii)(C).  In other words, the fact the Court has taken judicial notice that Defendant was a covered employer and was subject to the regulation is insufficient to establish "[t]hat the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer[.]" W. Va. Code § 23-4-2(d)(2)(ii)(C).  In order to succeed on his claim, Plaintiff must prove this element by other means.

Finally, Defendant moves for summary judgment based upon the fact that Plaintiff has not cited any safety statute, rule, regulation, or standard that will meet the requirement of

subsection (C) and there is no safety expert who will testify about a violation that will meet that requirement. Thus, Defendant argues summary judgment is appropriate because Plaintiff cannot meet an essential element of deliberate intent under West Virginia law. Recently, Defendant also filed a Renewed and Supplemental Motion for Summary Judgment and that motion is not yet ripe. The Court will withhold deciding both of these motions until after the second motion becomes ripe.

Accordingly, the Court **DENIES** Plaintiff's Motion for Leave for Additional Time to Identify Expert Witness [Doc. No. 28]; **DENIES** Defendant's Motion to Exclude Plaintiff's Expert(s) [Doc. No. 15]; **GRANTS** Plaintiff's Motion in Limine [Doc. No. 21]; and **HOLDS IN ABEYANCE** Defendant's Motion for Summary Judgment [Doc. No. 26].

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: July 16, 2008

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE